KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GUILLERMO BARRETO-ORTIZ (1),<br>MAGDALENA MAULEON (2),<br><br>    Defendants.<br>_____ | Criminal Case No. 07CR2882-BEN<br><br>Date: December 3, 2007<br>Time: 2:00 p.m.<br><br>The Honorable Roger T. Benitez<br><br>**UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions For Reciprocal Discovery and Leave to File Further Motions. These motions are based on the files and records of this case, together with the attached statement of facts.

**I**

**STATEMENT OF THE CASE**

On October 17, 2007, a federal grand jury in the Southern District of California returned a three-count Indictment, including criminal forfeiture, against Defendant GUILLERMO BARRETO-ORTIZ and Defendant MAGDALENA MAULEON (collectively "Defendants"). The Indictment charges Defendants with one count of conspiracy to manufacture 1,000 and more marijuana plants, in violation

1 of 21 U.S.C. §§ 841(a)(1) and 846, one count of being an illegal alien in possession of a firearm and aiding and abetting, in violation of 18 U.S.C. § 922(g)(5), one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(I) and (C)(I), aiding and abetting, in violation of 18 U.S.C. § 2, and criminal forfeiture in accordance with 21 U.S.C. § 853(a)(2), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461©. On October 18, 2007, Defendant Mauleon was arraigned on the Indictment and entered a plea of not guilty. On October 30, 2007, Defendant Barreto-Ortiz was arraigned on the Indictment and entered a plea of not guilty. On November 9, 2007, Defendant Barreto-Ortiz filed his discovery motions. On November 20, 2007, Defendant Mauleon filed her discovery motions. On November 27, 2007, the United States filed its Response in Opposition to Defendants' Motions to Compel Discovery, Preserve Evidence, Sever Defendants, Suppress Statements and Leave to File Further Motions. The United States files the following motions.

## II

## STATEMENT OF FACTS

### A. SURVEILLANCE OF THE GROW SITE IN THE NATIONAL FORREST.

In April 2007, Drug Enforcement ("DEA") agents received information regarding large outdoor marijuana grows located in the Cleveland National Forest. DEA agents identified at least four growing sites with marijuana clearly visible in two of the growing areas. DEA agents began conducting surveillance of a marijuana grow site near the "Tenaja Falls" in the Cleveland National Forrest.

Between May and July 2007, DEA agents conducted numerous surveillance of the marijuana grow site. DEA agents observed a 1996 black Toyota truck, bearing California license plate "6H15642" (hereinafter the "Black Toyota Truck"), parked in a turnout near the grow site. The Black Toyota Truck was registered to "Jose Mauleon" at 40922 De Luz Road in Fallbrook, California. Subsequent investigation revealed that Defendants reside at 40922 De Luz Road in Fallbrook, California. DEA agents observed Defendant Barreto-Ortiz driving the Black Toyota Truck and parking it near the grow site. In fact, DEA agents observed the Black Toyota Truck parked in the area of the grow site on at least four occasions. DEA agents also observed the Black Toyota Truck parked at the residence located at 40922 De Luz Road in Fallbrook, California, which is the Defendants' residence.

During the surveillance of the grow site near "Tenaja Falls," DEA agents observed a dark green

Toyota truck, bearing California license plate "4X98204" (hereinafter the "Green Toyota Truck") parked near the grow site. Subsequent investigation revealed that the Green Toyota Truck was registered to "Alvaro Ortiz Barreto" at 40922 De Luz Road, which is the residence of Defendants. On July 15, 2007, a San Diego County Deputy Sheriff conducted a traffic stop of the Green Toyota Truck and identified the driver as Defendant Barreto-Ortiz. Defendant Barreto-Ortiz provided the Deputy Sheriff with "40922 De Luz Road, Fallbrook, California" as his residence.

### B.    DISCOVERY OF THE GROW SITE NEAR DEFENDANTS' RESIDENCE.

On June 16, 2007, DEA agents discovered another marijuana grow site in the 39000 block of De Luz Road, Fallbrook, California, which is near 40922 De Luz Road in Fallbrook, California, the known residence of Defendants. DEA agents harvested approximately 8,900 marijuana plants from the grow site. After DEA agents left the grow site, DEA agents observed Defendant Barreto-Ortiz drive past the agents in the Black Toyota Truck and park it near the grow site where DEA agents had just harvested 8,900 marijuana plants. As DEA agents were driving back toward the grow site, the Defendant Barreto-Ortiz passed them in the Black Toyota Truck. While DEA agents were searching the grow site, the Black Toyota Truck returned to the grow site. As the Black Toyota Truck drove slowly passed the grow site, DEA agents observed an unidentified Hispanic female driving the Black Toyota Truck, with an unidentified child in the passenger seat.

### C.    SEARCH OF DEFENDANTS' RESIDENCE.

DEA agents obtained a State of California Search Warrant for 40922 De Luz Road, Fallbrook, California. On July 17, 2007, DEA agents executed the search warrant. Defendant Mauleon and four young children were inside the residence. Defendant Mauleon stated that she was the wife of Defendant Barreto-Ortiz and told DEA agents that he had left the residence earlier that morning. During a search of the house, DEA agents located a shotgun, three rifles, approximately 1.82 kg of processed marijuana packaged for sale, large amounts of ammunition and walkie-talkie radios. DEA agents searched the trailer adjacent to the house and found approximately 39.92 kg of processed marijuana, a digital scale, a large quantity of ammunition, walkie-talkie radios with chargers, and marijuana seeds. DEA agents also found three large cages containing approximately 1,829 marijuana seedlings with visible root structures on the property.

While DEA agents were searching the residence, Defendants' juvenile son told DEA agents that he, his juvenile brothers, and his mother, Defendant Mauleon, assisted his father, Defendant Barreto-Ortiz, in the manicuring and packaging of the marijuana for sale.  Additionally, the juvenile son said his mother, Defendant Mauleon, delivered marijuana to customers and several males would come to the house regularly to purchase marijuana.

### D.     ARREST OF DEFENDANT BARRETO-ORTIZ.

On July 17, 2007, DEA agents conducted surveillance of the marijuana grow site near the "Tenaja Falls" in the Cleveland National Forrest.  During their surveillance, Defendant Barreto-Ortiz and co-conspirator, Consuelo Mauleon, arrived in the Green Toyota Truck on the road that led to the marijuana grow site.  DEA agents searched the Green Toyota Truck and found a loaded handgun underneath the driver's seat as well as supplies intended for the workers at the marijuana grow site.  Defendant Barreto-Ortiz possessed a small quantity of methamphetamine and a smoking pipe.  During the search of the grow site, DEA agents seized approximately 5,548 marijuana plants.  DEA agents also found, in the grow site, a receipt from Grangetto's Farm & Garden for an account in the name of "Guillermo Barreto."  Defendant Barreto-Ortiz and Consuelo Mauleon were arrested.

DEA agents advised Defendant Barreto-Ortiz of his constitutional rights under <u>Miranda</u>.  Defendant Barreto-Ortiz acknowledged that he understood his rights and agreed to waive his <u>Miranda</u> rights and speak to DEA agents without the presence of counsel.  Defendant Barreto-Ortiz denied that the 5,548 marijuana plants seized at the grow site belonged to him.  However, Defendant Barreto-Ortiz freely admitted that he was growing approximately 800 marijuana plants in the Cleveland National Forrest near the area where DEA agents had seized approximately 5,548 marijuana plants.  Defendant Barreto-Ortiz said he planted his 800 marijuana plants in the Cleveland National Forrest approximately three to four months ago.  DEA agents advised Defendant Barreto-Ortiz that they had seized marijuana from his residence, and Defendant Barreto-Ortiz denied possessing any marijuana at his residence.

### E.     ARREST OF DEFENDANT MAULEON.

DEA agents did not arrest Defendant Mauleon on July 17, 2007 during the execution of the search warrant at 40922 De Luz Road in Fallbrook, California.  When DEA agents returned to the residence, they found the residence was no longer occupied by Defendant Mauleon and her children.

After further investigation, DEA agents learned that Defendant Mauleon moved to Riverside, California. On September 26, 2007, DEA agents arrested Defendant Mauleon in Riverside, California. Defendant Mauleon signed a waiver and agreed to be transported by the DEA agents to the Southern District of California to make her first appearance before a magistrate judge.

## III

## THE UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

### A. DEFENDANTS' DISCLOSURES UNDER FED R. CRIM. P. 16(b)

On November 9, 2007, Defendant Barreto-Ortiz invoked Fed. R. Crim. P. 16(a) in his discovery motion, and on November 20, 2007, Defendant Mauleon invoked Fed. R. Crim. P. 16(a) in her discovery motion. The United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). Therefore, Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States, is applicable.

The United States hereby requests Defendants permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendants and which Defendants intend to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendants, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendants intends to call as a witness. Because the United States will comply with Defendants' request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

//

### B.   WITNESS STATEMENTS UNDER FED. R. CRIM. P. 26.2

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendants. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### IV

### THE GOVERNMENT'S MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

### V

### CONCLUSION

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Reciprocal Discovery and Leave to File Further Motions.

DATED: November 27, 2007

Respectfully submitted,

KAREN P. HEWITT
United States Attorney


/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GUILLERMO BARRETO-ORTIZ (1), )<br>MAGDALENA MAULEON (2), )<br>)<br>Defendants. )<br>_____) | Criminal Case No. 07CR2882-BEN<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **THE UNITED STATES' MOTIONS FOR RECIPROCAL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Mark A. Chambers, Esq.
   345 West Ninth Avenue, Suite 200
   Escondido, California 92025-5055
   *Lead Attorney for Defendant Guillermo Barreto-Ortiz*

2. Robert E. Schroth, Sr., Esq.
   2044 First Avenue, Suite 200
   San Diego, California 92101
   *Lead Attorney for Defendant Magdalena Mauleon*

A hard copy is being sent to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 27, 2007

                    /s/ ***Joseph J.M. Orabona***
                    JOSEPH J.M. ORABONA
                    Assistant United States Attorney